**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RE/MAX INTERNATIONAL, INC. ) <br> a Colorado corporation ) <br>      Plaintiff ) <br> v. ) <br> ) <br> RE/GAR REALTY, INC. ) <br> an Illinois corporation ) <br> ) <br> and ) <br> ) <br> Porfirio Garcia, ) <br> an individual ) <br>      Defendants ) | Civil Action No. 08 CV 3328 <br><br> Judge Darrah <br><br> Magistrate Judge Valdez |

**ANSWER**

**NATURE OF THE ACTION**

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant, RE/GAR REALTY, INC., and PORFIRIO GARCIA (hereinafter "Defendants") through its attorneys, hereby answers Plaintiff's, RE/MAX INTERNATIONAL, INC., (hereinafter "Plaintiff"), Complaint as follows:

1. In this action, Plaintiff seeks injunctive and monetary relief for the acts of trademark infringement and unfair competition under the laws of the United States, Title 15, United States Code; and for trademark infringement, unfair competition and misappropriation of business value under the common law of the State of Illinois.

ANSWER: Defendants deny Plaintiff is entitled to such relief, and further the avernments of Paragraph 1 are conclusions of law to which no response is required.

## THE PARTIES

2.     RE/MAX is a corporation incorporated under the laws of the state of Colorado with its principal place of business at 5075 South Syracuse Street, Colorado 80237-2712.

ANSWER: Defendant is without knowledge or information to form a belief as to the truth of the allegations of this Paragraph 2 of the Complaint, and therefore, denies same.

3.     RE/GAR is an Illinois corporation with its principal place of business at 3607 Grand Avenue, Gurnee, Illinois 60031.  Upon information and belief, RE/GAR provides real estate brokerage services in this District.

ANSWER: Admits the allegations of paragraph 3 of Complaint.

4.     On information and belief, Porfirio Garcia is an Illinois resident residing within this District.  Upon information and belief, Garcia is a licensed real estate broker with RE/GAR, personally controls and directs the activities of RE/GAR, and provides real estate services on behalf of, or for the benefit of himself and/or RE/GAR, in this District.

*ANSWER*:     Defendant, Porfirio Garcia, admits he is an Illinois resident residing within this District and is a licensed real estate broker, but denies the remaining allegations of this Paragraph 4 of this Complaint.

## JURISDICTION AND VENUE

5.     This action arises under §1114(1) and §1125(a) of the Trademark Act of July 5,1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1051 et seq.; Illinois Trademark Act, 765 ILCS 1036, Section 60; and the common law of the State of Illinois.

ANSWER:   Is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, therefore, denies same.

6.     The Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1338 and 1367.

ANSWER: Admits that jurisdiction is proper under 15 U.S. C. §1121 and 28 U.S.C. §1338 and 1367.

7.     Venue is proper within this judicial district under 28 U.S.C. §1391(b).

ANSWER: Admits that venue is proper in this judicial district.

## BACKGROUND FACTS

8.     Throughout the United States, RE/MAX provides real estate brokerage services though a network of franchises and affiliated independent contractor/sales associates who are authorized to use the RE/MAX trademarks in connection with providing real estate brokerage services (the "RE/MAX Network").

ANSWER: Defendants are without sufficient information to form a belief as to the truth of the allegations of this Paragraph 8 and, therefore, deny same.

9.     Since at lease as early as 1973, those affiliated with the RE/MAX Network have provided real estate brokerage services in interstate commerce in the United States under the marks "RE/MAX" and "REMAX,"  RE/MAX is the owner of U.S. Trademark Registration Nos. 1,139,014; 1,339,510, and 2,403,626 for the service mark "RE/MAX" and U.S. Trademark Registration Nos. 2,054,698 and 2,106,387 for the service mark "RE/MAX" (collectively, the "RE/MAX name trademark").  RE/MAX also is the owner of Illinois Trademark Registrations No. 08131985 for RE/MAX.  Copies of these are attached hereto as Exhibit A.  U.S. Trademark Registrations Nos. 1,139,014 and

1,339,510 have achieved incontestability under 15 U.S.C. §1065. The federal registration rights and common law rights of RE/MAX in the RE/MAX name trademark are collectively referred to as the "RE/MAX trademarks."

ANSWER:    Is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, therefore, deny same.

10.    The RE/MAX trademarks are used on a variety of advertising media including yard signs, business cards, Internet web sites, directional signs, open house signs, hot and cold air balloons, television commercials, billboards, bus stop benches, banners and other advertising and promotional items. RE/MAX has also extensively in its marketing materials and signs the colors red, white and blue. RE/MAX has developed trademark and trade dress rights in various arrangements and use of those colors.

ANSWER: Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 10 and, therefore, deny same.

11.    As a result of substantial sales and extensive advertising and promotion over a period of thirty years, the RE/MAX trademarks have become widely and favorably known as identifying real estate brokerage services originating from, sponsored by or associated with the RE/MAX Network. Indeed, the RE/MAX trademarks are famous. The public has come to associate the famous RE/MAX trademarks with the RE/MAX Network as a source of high quality real estate brokerage services.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 11, and therefore, deny same. Further the averments of Paragraph 11 are conclusions of law to which no response is required.

## DEFENDANTS' ACTIVITIES

12.     On information and belief, since at least as early as 2006, Defendants incorporated under the name RE/GAR Realty Corporation. Defendants are in the business of providing real estate brokerage services in competition with the RE/MAX Network.

ANSWER:     Defendants admit providing real estate brokerage services and being incorporated under the RE/GAR name since as early as 2006, but Defendants deny the remaining allegations of this Paragraph 12.

13.     Since at least as early as 2006, Defendants began doing business using the confusingly similar name and service mark "RE/GAR" (the "RE/GAR mark") with real estate brokerage services. As shown on Exhibit B attached hereto, Defendants' have used their RE/GAR mark on their website, in other marketing materials and in connection with their signage a red, white and blue color scheme. Defendants have also used in advertising real estate brokerage services a slash separating the RE from the GAR part of the mark. The stylized red and blue RE/GAR imitate and infringe the RE/MAX name trademark (See Exhibit C hereto).

ANSWER:     Defendants admit using the mark RE/GAR in conjunction with real estate services. Defendants admit using the mark RE/GAR on their website and in other marketing materials. Defendants deny the Mark, RE/GAR is a confusingly similar name and/or service mark to REMAX. Defendants admit using the slash between the RE and the GAR in advertising. Defendants further deny the remaining allegations of Paragraph 13 of this Complaint.

14. The conduct of Defendants as described is likely to cause confusion or mistake, or deceive the purchasing public to believe that Defendants are affiliated with, related to, sponsored by or connected with RE/MAX or the RE/MAX Network. The conduct of Defendants described herein is likely to cause consumer confusion as to an affiliation or connection between Defendants and RE/MAX, and thereby permits Defendants to trade on the goodwill which RE/MAX has developed over the years.

ANSWER: Defendants deny the allegations of Paragraph 14 of this Complaint, and further the averments of Paragraph 144 are conclusions of law to which no response is required.

15. Defendants' use of the infringing RE/GAR mark and name, and their imitation and infringement of the RE/MAX horizontal bar design and the RE/MAX trademarks as described herein has damaged the value of the RE/MAX marks in an amount as yet undetermined.

ANSWER: Defendants deny every allegation in Paragraph 15 of this Complaint.

## COUNT I

## TRADEMARK INFRINGEMENT Under Federal Law

16. RE/MAX repeats and realleges the allegations contained in the foregoing paragraphs 1-17. This is a claim for infringement of RE/MAX's federally registered trademarks, as depicted in the attached Exhibit A. The acts complained of herein also constitute an attempt to trade on the goodwill that RE/MAX has developed, all to the damage of RE/MAX.

ANSWER: Defendants incorporates its answers to Paragraphs 1-16, inclusive, as set forth herein.

17. The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others whereby purchasers and others would be led to believe mistakenly that Defendants are affiliated with, related to, sponsored by or connected with RE/MAX or the RE/MAX Network, in violation of 15 U.S.C. §1114(1).

ANSWER: Defendants deny the allegations contained in Paragraph 17 of this Complaint, the averments of Paragraph 17 are conclusions of law to which no response is required.

18. By the acts complained of herein, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to RE/MAX.

ANSWER: Defendants deny the allegations contained in Paragraph 18 in this Complaint, the averments of Paragraph 18 are conclusions of law to which no response is required.

19. RE/MAX has no adequate remedy at law.

ANSWER: Defendants deny the allegations contained in Paragraph 19 of this Complaint, the averments of Paragraph 19 are conclusions of law to which no response is required.

## COUNT II

## UNFAIR COMPETITION Under Federal Law

20.     RE/MAX repeats and re-alleges the allegations contained in the foregoing Paragraphs 1-19.

ANSWER:     Defendants repeat and re-alleges its Answers to Paragraphs 1-19.

21.     On information and belief, Defendants' unlawful acts include, without limitation,the following:

a.     Defendants have intercepted and diverted business intended for RE/MAX or the RE/MAX Network;

>    ANSWER:     Deny, the averments of Paragraph 26 a, are conclusions of law to which no response is required.

b.      Defendants have used the confusingly similar RE/GAR mark and name,and in order to draw interest to its business location;

>    ANSWER:     Deny, the averments of Paragraph 26 b, are conclusions of law to which no response is required.

c.     Defendants have used the confusingly similar RE/GAR mark and name in advertisements to create confusion as to Defendants' affiliation or connection with RE/MAX and/or the RE/MAX Network; and

>    ANSWER:     Defendants admit using a non-confusing mark RE/GAR in advertisements but deny the remaining allegations contained in this Subpart C of Paragraph 21 in this Complaint, and Deny, the all the additional averments of Paragraph 26 c, which are conclusions of law to which no response is required.

22.     The acts of Defendants complained of herein constitutes use of a false designation of origin which is likely to cause confusion, mistake or deception as to origin, sponsorship or approval; and constitute a false and/or misleading statement; all in violation of Section 43(a) of the Lanham Act, 15 U.S.C §1125(a).  The acts of Defendants complained of herein also constitute an attempt to trade on the goodwill that RE/MAX has developed, all to the damage of RE/MAX.

ANSWER:    The averments of Paragraph 22 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 22 are denied by the Defendants.

23.     By the acts complained of herein, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to RE/MAX.

ANSWER:    The averments of Paragraph 23 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 23 are denied by the Defendants.

24.     RE/MAX has no adequate remedy at law.

ANSWER:    The averments of Paragraph 24 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 24 are denied by the Defendants.

## COUNT III

## TRADEMARK INFRINGEMENT in Violation of Illinois Trademark Act, 765 ILCS 1036, Section 60

25.     RE/MAX repeats and realleges the allegations contained in the foregoing paragraphs 1-24.  This is a claim for infringement of RE/MAX's rights as a result of its Illinois state registration.  The acts complained of here also constitute an attempt to trade on the goodwill that RE/MAX has developed, all to the damage of RE/MAX.

ANSWER:  Defendants repeat repeat and re-allege their answers to Paragraphs 1-24 as though set forth herein.  The remaining averments of Paragraph 25 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 25 are denied by the Defendants.

26.     The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others whereby purchasers and others would be led to believe mistakenly that Defendants are affiliated with, related to, sponsored by or connected with RE/MAX or the RE/MAX Network, in violation of Illinois Trademark Act, 765 ILCS 1036, Section 60.

ANSWER:    The averments of Paragraph 26 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 26 are denied by the Defendants.

27.     By the acts complained of herein, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm damage and injury to RE/MAX.

ANSWER:    The averments of Paragraph 27 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 27 are denied by the Defendants.

28.    RE/MAX has no adequate remedy at law.

ANSWER:    The averments of Paragraph 28 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 28 are denied by the Defendants.

## COUNT IV

## TRADEMARK INFRINGEMENT UNDER COMMON LAW

29.    RE/MAX repeats and realleges the allegations contained in the foregoing paragraphs 1-28. This is a claim for infringement of the RE/MAX trademarks. The acts complained of herein also constitute an attempt to trade on the goodwill which RE/MAX has developed, all to the damage of RE/MAX.

ANSWER:    Defendants repeat repeat and re-allege their answers to Paragraphs 1-28 as though set forth herein. The remaining averments of Paragraph 28 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 29 are denied by the Defendants.

30.    On information and belief, the acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others whereby purchasers and others would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by or connected with RE/MAX or the RE/MAX Network, in violation of the common law of trademark infringement of the state of Illinois.

ANSWER: The averments of Paragraph 30 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 30 are denied by the Defendants.

31. By the acts complained of herein Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to RE/MAX.

ANSWER: The averments of Paragraph 31 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 31 are denied by the Defendants.

32. RE/MAX has no adequate remedy at law.

ANSWER: The averments of Paragraph 32 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 32 are denied by the Defendants.

## COUNT V

## UNFAIR COMPETITION UNDER COMMON LAW

33. RE/MAX repeats and re-alleges the allegations contained in the foregoing paragraphs 1-32.

33. ANSWER: Defendants repeat and re-alleges its Answers to Paragraphs 1-32.

34. On information and belief, the acts of Defendants complained of herein constitute misappropriation of valuable property rights of RE/MAX and trading on the goodwill symbolized by the distinctive and famous RE/MAX trademarks and are thereby likely to confuse and deceive members of the purchasing public. By virtue of the common law of unfair competition of the state of Illinois.

ANSWER: The averments of Paragraph 34 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 34 are denied by the Defendants.

35. By the acts complained of herein Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to RE/MAX.

ANSWER: The averments of Paragraph 35 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 35 are denied by the Defendants.

36. RE/MAX has no adequate remedy at law.

ANSWER: The averments of Paragraph 36 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 36 are denied by the Defendants.

## COUNT VI

### MISAPPROPRIATION OF BUSINESS VALUE UNDER COMMON LAW

37. RE/MAX repeats and re-alleges the allegations contained in the foregoing paragraphs 1-36.

ANSWER: Defendants repeat and re-alleges its Answers to Paragraphs 1-36.

38. RE/MAX has expended substantial time, effort and money in creating and developing goodwill in the RE/MAX trademarks, and the distinctiveness and/or famousness of the RE/MAX trademarks.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph 38 of this Complaint, and to the extent a response is required, the averments of the Paragraph 38 are denied.

39.     Defendants, through the acts as alleged herein, have unfairly appropriated the goodwill, distinctiveness and/or famousness of the RE/MAX trademarks without compensating RE/MAX.

ANSWER:    The averments of Paragraph 39 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 39 are denied by the Defendants.

40.     On information and belief, Defendants have enjoyed and appreciated benefits, including economic benefits, from the unfair appropriation of the goodwill, distinctiveness and/or famousness of the RE/MAX trademarks.  By virtue of their aforementioned acts, Defendants have engaged in misappropriation of business value in violation of the common law of unfair competition of the state of Illinois.

ANSWER:    The averments of Paragraph 40 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 40 are denied by the Defendants.

41     By the acts complained of herein Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to RE/MAX.

ANSWER:    The averments of Paragraph 41 are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments of the Paragraph 41 are denied by the Defendants.

42. RE/MAX has no adequate remedy at law.

ANSWER: The averments of Paragraph 42 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of the Paragraph 42 are denied by the Defendants.

WHEREFORE, Defendants request judgment in their favor against Plaintiff dismissing all claims against them with an award of attorneys' fees and costs of this suit, and any other relief this Honorable Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. No likelihood of confusion

To the extent that the Court determines Plaintiff's mark to be protectable, there is no likelihood of confusion.

### THIRD AFFIRMATIVE DEFENSE

3. No Actual Confusion

Regar alleges that to the extent that the Court determines Plaintiff's mark protectable, there is no likelihood of confusion, mistake or deception as evidenced by, among other things, the lack of actual confusion as to the source of the goods.

**FOURTH AFFIRMATIVE DEFENSE**

4. Acquiescence

Regar alleges that Plaintiff consented to Regar's use of its mark through the passage of time, and therefore Plaintiff's action is barred by the equitable principles.

**FIFTH AFFIRMATIVE DEFENSE**

5. Laches

Regar alleges that Plaintiff has unreasonably delayed pursuing its legal rights against Regar to the substantial prejudice of Regar and as a result Plaintiff is precluded by the doctrine of laches from asserting its claims against Regar.

**SIXTH AFFIRMATIVE DEFENSE**

6. Waiver

Regar alleges that Plaintiff has waived any claim it might have against Regar by its own acts, conduct, omissions and otherwise and therefore is precluded from maintaining this Action and from obtaining judgment against Regar.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Estoppel

Regar alleges that Plaintiff acquiesced in the practices about which it now complains and therefore is estopped from maintaining this Action and from obtaining judgment against Regar.

### **EIGHTH AFFIRMATIVE DEFENSE**

8. Remedy at law Available

Regar alleges that Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

WHEREFORE, Defendants pray:

A. That the Complaint be dismissed with costs.

B. That Defendants recover from Plaintiff their reasonable attorney fees.

C. That Defendants have such other and further relief as this Honorable Court deems just.

Date:  August 4, 2008

Respectfully submitted,

s___/lie/_____
Leon I. Edelson (IL ARDC 6198669)
Leon I. Edelson
Edelson IP Law Group, Ltd.
2275 Half Day Road
Suite 122
Bannockburn, IL 60015
Tel: 847.374.9797
Fax: 847.374.9799

s/_Hazel Espinar____
Hazel Espinar
(IL ARDC 6287817)
8 S. Michigan Avenue
Suite 2600
Chicago, IL 60603
Tel: 312-578-0907
Fax: 800-644-9147